IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREVOR FREEMAN,

      Petitioner,                    No. 2:13-cv-0712 TLN AC P

      vs.

GARY SWARTHOUT, et al.,

      Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the governor's decision reversing the January 2012 grant of parole by the California Board of Parole Hearings (BPH). The BPH's decision to grant parole became final on June 29, 2012. Thirty days later, the governor, pursuant to his authority under Article V, § 8 of the California Constitution and Cal. Pen. Code § 3041.2, reversed the decision of the parole board. Petitioner claims that the governor's decision was arbitrary and capricious because it was not supported by any evidence in the record with a rational nexus to any determination that petitioner currently poses an unreasonable risk of danger if released. See Petition.

      In 2011, the United States Supreme Court overruled a line of Ninth Circuit

1

1  precedent that had supported habeas review in California cases involving denials of parole by the
2  BPH and/or the governor.  See Swarthout v. Cooke, __ U.S. __,  131 S. Ct. 859, 861 (2011).
3  The Supreme Court held that federal habeas jurisdiction does not extend to review of the
4  evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of
5  state law, and because the Due Process Clause does not require correct application of
6  California's "some evidence" standard for denial of parole, federal courts may not intervene in
7  parole decisions as long as minimum procedural protections are provided.  Id. at 861-62.  One of
8  the petitioners before the Supreme Court in Swarthout was, like petitioner here, a prisoner who
9  had been granted parole by the BPH but whose parole recommendation was subsequently
10 reversed by the governor.  131 S. Ct. at 861.

11         The Ninth Circuit has acknowledged that after Swarthout, substantive challenges
12 to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th
13 Cir. 2011).  The rule is the same when, as here, a petitioner challenges a decision by the
14 governor rather than a decision of the parole board.  Styre v. Adams, 645 F.3d 1106, 1108-09
15 (9th Cir. 2011).  Neither a claim that the governor's decision is usupported by evidence nor a
16 claim that the governor failed to hold a second hearing can support habeas relief.  Id. at 1109.
17 Under Swarthout and Styre, this court simply may not consider petitioner's claim that the
18 governor's decision violated due process.

19         Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed.
20         If petitioner files objections, he shall also address if a certificate of appealability
21 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
22 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
23 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
24 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

25         These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
free0712.scr